I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 7·13·12

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JOSEPH CAVANAGH,<br><br>    Petitioner,<br><br>vs.<br><br>DIRECTOR, VENTURA COUNTY PROBATION,<br><br>    Respondent. | Case No. CV 11-5863-R (RNB)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE, AND DENYING PETITIONER'S PENDING MOTIONS |

On April 25, 2012, the assigned Magistrate Judge issued a Report and Recommendation in which he recommended the denial of the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner herein on July 15, 2011, and the dismissal of this action with prejudice.

On May 30, 2012, petitioner filed two motions. The first, captioned "Renewed Motion for Leave to File Amended Petition," sought leave to file the proposed First Amended Petition that petitioner had lodged herein on April 10, 2012. The second, captioned "[Alternative] Motion for Stay and Abeyance," sought "stay and abeyance of the Petition pending exhaustion of remedies in state court if necessary."

On June 8, 2012, the Magistrate Judge issued a Supplemental Report and Recommendation in which he recommended the denial of both of petitioner's motions. Petitioner filed a "Consolidated Objection to Report and Recommendation

and Supplemental Report and Recommendation" on July 2, 2012.

In the meantime, on June 22, 2012, petitioner filed two motions: a motion to vacate the Supplemental Report and Recommendation, and a motion to extend petitioner's time to file objections to the Supplemental Report and Recommendation. Then, on June 29, 2012, petitioner filed a Motion for Leave to File Second Amended Petition, and concurrently lodged his proposed Second Amended Petition ("SAP"). He then filed an addendum to this Motion on July 2, 2012.

## PETITIONER'S CONSOLIDATED OBJECTION

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed all the records and files herein, including the various motions filed by petitioner and the rulings thereon that were not specifically mentioned in either the Report and Recommendation or the Supplemental Report and Recommendation. Further, the Court has made a de novo determination of those portions of the Report and Recommendation and the Supplemental Report and Recommendation to which objections have been made by petitioner.

A.  <u>The Report and Recommendation</u>

In the Petition herein, which was submitted on the approved Central District habeas form and included an attached Memorandum, petitioner alleged the following three grounds for relief[1]:

---

[1] In his objections, petitioner appears to be contending that, because he was appearing pro se, the Magistrate Judge erred by considering only the three grounds for relief set forth by petitioner both in the Grounds for Relief section of the habeas form and the Grounds for Relief section of his attached Memorandum. However, petitioner has failed to cite any Ninth Circuit or Supreme Court case authority holding that a federal habeas court is required to divine claims that are not specifically alleged by the petitioner in his habeas petition.

2

1. The State of California failed to afford petitioner counsel on appeal in violation of the Fourteenth Amendment to the United States Constitution. (See Pet. at ¶ 7.a and attached Memorandum at 5, 8-10.)

2. The California Court of Appeal opinion on direct appeal failed to reflect all of the contentions that petitioner raised in his supplemental brief, in derogation of petitioner's right to due process under the Fourteenth Amendment to the United States Constitution. (See Pet. at ¶ 7.b and attached Memorandum at 5, 10-11.)

3. The state courts failed to comply with the law of the case and/or follow *stare decisis* in derogation of petitioner's right to due process and equal protection under the Fourteenth Amendment to the United States Constitution. (See Pet. at ¶ 7.b and attached Memorandum at 5, 11-13.)

The Court concurs with and accepts the Magistrate Judge's finding that habeas relief is not warranted with respect to Ground One of the Petition because there is no basis here for finding that the California Supreme Court's rejection of this claim either was contrary to or involved an unreasonable application of clearly established Supreme Court law.

The Court also concurs with and accepts the Magistrate Judge's finding that habeas relief is not warranted with respect to Ground Two of the Petition because that claim involves only an alleged error in the application of state law and therefore is not cognizable on federal habeas review. The fact that petitioner now is attempting to characterize this claim as a federal constitutional claim is not sufficient to render it such. For the same reason, the Court concurs with and accepts the Magistrate Judge's finding that habeas relief is not warranted with respect to Ground Three of the Petition.

Finally, the Court concurs with the Magistrate Judge that the finding that the

3

California Supreme Court's adjudication of petitioner's one cognizable claim neither was contrary to nor involved an objectively unreasonable application of clearly established Supreme Court law is dispositive of petitioner's request for an evidentiary hearing.

B.     The Supplemental Report and Recommendation

The grounds for relief that petitioner proposed to allege in his First Amended Petition were as follows:

    1.     "The State of California failed to afford petitioner competent counsel on appeal in violation of the Sixth and Fourteenth Amendments to the United States Constitution." (See FAP at ¶ 7.a and attached Memorandum at 8, 14.)

    2.     "Petitioner's appeal fails Constitutional standards because the Appellate Court failed to conduct a complete independent review of the record in violation of the Fourteenth Amendment to the United States Constitution." The basis for this claim was that "the Second District did not and indeed could not, conduct an independent review of the entire record because appointed appellate counsel failed to designate the entire record for the Second District to review." (See FAP at ¶ 7.b and attached Memorandum at 8, 14-15.)

    3.     "The state court has no subject jurisdiction to act on the DA's prosecution because it implicates bankruptcy administration and bankruptcy is completely preempted by federal law and subject to the exclusive jurisdiction of the federal courts. The state court's acts deny the Petitioner his bankruptcy rights pursuant to Article 1 clause 2 of the United States Constitution, Article 6 clause 2 of the United States Constitution, the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution and the

Federal Bankruptcy Code." (See FAP at ¶ 7.c and attached Memorandum at 8, 15-22.)

4. "The state court has no jurisdiction over the person of the Petitioner in his official capacity of trustee in fact of a bankruptcy estate. The acts of the state court deny the Petitioner his rights pursuant to Article 1 clause 2 of the United States Constitution, Article 6 clause 2 of the United States Constitution, the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution and the Federal Bankruptcy Code." (See FAP at ¶ 7.d and attached Memorandum at 9, 22-23.)

5. "Removal to Federal Court suspended the state court's jurisdiction and it has never been reinstated. The state court's acts including but not limited to conviction, judgment, sentence and execution of sentence in defiance of removal deny the Petitioner his rights pursuant to 28 U.S.C. § 1452, Federal Rule of Bankruptcy Procedure 9027, Article 1 clause 2 of the United States Constitution, Article 6 clause 2 of the United States Constitution, the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution and additional provisions of the Federal Bankruptcy Code." (See FAP at ¶ 7.e and attached Memorandum at 9, 23-29.)

In his objections, petitioner contends that exhaustion of state remedies is excused in this action because of the alleged "state court jurisdictional defect." Whereas previously petitioner had cited for this proposition an Eighth Circuit case that was not even a habeas case and had nothing to do with the exhaustion of state remedies requirement applicable to habeas cases, petitioner now purports to be relying on the Supreme Court's decision in Ohio v. Thomas, 173 U.S. 276, 19 S. Ct. 453, 43 L. Ed. 2d 699 (1899). According to petitioner, the Supreme Court held in